William Wheatley
Oregon State Bar #591061
bwheatley@jaquawheatley.com
Jaqua & Wheatley LLC
825 E Park St
Eugene Oregon  97401
Telephone: (541) 686-8485
Facsimile: (541) 343-0701

Nathan G. Steele
Oregon State Bar #004386
ngs@steelefirm.com
The Steele Law Firm
1051 NW Bond Street, Suite 320
Bend, Oregon 97701
Telephone: (541) 647-1812
Facsimile: (541) 647-1814

Of Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

Eugene Division

| | |
|---|---|
| GIZMO TRUCKING LLC,<br><br>Plaintiff,<br><br>vs.<br><br>ADRIATIC INSURANCE COMPANY,<br><br>Defendant. | Case No.: _____<br><br>**COMPLAINT**<br><br>(Breach of Contract; Bad Faith)<br><br>Demand for Jury Trial |

NOW COMES Plaintiff, by and through its attorneys, and for its Complaint against Defendant hereby states as follows:

///

///

COMPLAINT — Page 1

## JURISDICTION AND VENUE

1. This Court has jurisdiction over plaintiff's claims under 28 U.S.C. § 1332 (diversity of citizenship). The amount in controversy exceeds $75,000. Venue is proper in the Eugene Division pursuant to 28 U.S.C. § 1391(b)(2) and LR 3-2(a) because the events that gave rise to this Complaint occurred in this district and defendant is subject to personal jurisdiction.

## THE PARTIES

2. Plaintiff is an Oregon limited liability corporation duly organized and existing under the laws of the State of Oregon, with its principal place of business in Marion County. Plaintiff conducts regular and sustained business activity within the State of Oregon as a trucking company.

3. Defendant is an insurance company duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of Louisiana. Defendant is also registered as an insurance company with the State of Oregon and conducts regular and sustained business activity within the State of Oregon.

## GENERAL ALLEGATIONS

4. In or about March 2011, plaintiff transported goods, pursuant to contract, for a California company called Infinity Air, Inc. ("Infinity Air"). During transportation, plaintiff damaged Infinity Air's goods. As a result, Infinity Air sued plaintiff in Federal Court for $195,489.00 (*Infinity Air Inc v. Gizmo Trucking LLC et al*, U.S. District Court Case No. 3:13CV00307MO ("Lawsuit")). In the Lawsuit, Infinity Air alleged that plaintiff caused damage to Infinity Air's goods during transportation. At all times material, defendant was apprised of the Lawsuit.

5.  At the time plaintiff was transporting goods for Infinity Air, there was in full force and effect a cargo liability insurance policy issued by defendant to plaintiff, which required defendant to pay all damages that plaintiff was legally obligated to pay to Infinity Air, up to defendant's policy limits of $100,000.

6.  On or about November 19, 2013, a default judgment was entered in the Lawsuit against plaintiff in the sum of $195,489.00.

7.  Prior to the entry of the default judgment against plaintiff, defendant had opportunities to resolve the claim being asserted by Infinity Air within its policy limits, but refused to pay or settle the claim. At all times material, defendant owed to plaintiff a fiduciary duty and a duty of good faith and fair dealing to settle Infinity Air's claim within it policy limits.

## COUNT ONE

### BREACH OF CONTRACT

8.  Plaintiff re-alleges and incorporates paragraphs 1-7 above as though fully set forth herein.

9.  At all times material, plaintiff fully performed all of its obligations under the policy of insurance with defendant.

10. Under its insurance policy, defendant was obligated to pay all sums—up to its policy limits— that plaintiff became legally liable for as a result of damage to Infinity Air's goods during transportation.

11. Defendant breached its insurance contract by denying coverage under its policy for the claim asserted by Infinity Air.

12. As a result of defendant's breach of its contract, plaintiff is entitled to damages in the amount of the default judgment, plus accrued interest.

13. As a further result of defendant's breach of contract, plaintiff has been required to retain the services of an attorney to assist in pursuing this claim against defendant, and thus, is entitled to its reasonable attorney fees under state statute.

## COUNT TWO

## TORTIOUS BREACH OF FIDUCIARY DUTY AND DUTY OF GOOD FAITH AND FAIR DEALING

14. Plaintiff re-alleges and incorporates paragraphs 1-13 above as though fully set forth herein

15. Defendant's tortiously breached its fiduciary duty and duty of good faith and fair dealing by, *inter alia*: (1) unwarrantedly refusing to settle or pay the claim asserted by Infinity Air; (2) failing to take steps to settle or pay Infinity Air's claim within its policy limits so as to avoid a default judgment being entered against plaintiff in excess of its policy limits; and (3) failing to pay the default judgment entered against plaintiff. As a result of defendant's tortious breach of its fiduciary duty and duty of good faith and fair dealing, plaintiff is entitled to damages in the amount of the default judgment awarded to Infinity Air, plus accrued interest.

16. Because defendant acted in a malicious, wilful, and oppressive manner, plaintiff is also entitled to recover punitive damages in an amount to be determined at the time of trial.

///

///

///

///

///

///

COMPLAINT — Page 4

///

WHEREFORE, plaintiff prays for judgment against defendant for the damages alleged in paragraphs 12, 13, 15, and 16, plus is costs and disbursements and for all such other relief as the Court deems just and equitable.

Dated this 18th day of February, 2014.

By: /s/ *William G. Wheatley*
William G. Wheatley, OSB#591061

/s/ *Nathan G. Steele*
Nathan G. Steele, OSB #004386

Of Attorneys for Plaintiff